H. E. Jackson, Sp. J.,
delivered.the opinion of th© court:
The plain tills in error were sued in the second circuit court of Shelby county for $5,000 as damages for failing *327 to account for twenty-five -hogsheads of sugar and twenty-five barrels of molasses consigned to them for sale on commission in 1861, which the first count avers they received and failed to account for, and the second count that they 'received and converted to their own use. The plaintiffs in error plead their discharge in bankruptcy under the provisions of the -bankrupt act of 1867, ch. 176, and filed with their pleas duly certified copies of such discharges. To these pleas the plaintiff below demurred, assigned as ground of his demurrer that his “cause of action arose out of goods consigned to the defendants (plaintiffs in error) as factors, agents, commission merchants, bailors, trustees, for which goods so consigned they have never accounted.” This demurrer was sustained, and the plaintiff below thereafter had a verdict and judgment for the sum -of $361.55 and costs, from which the defendants appealed in error to this court.
And the single question presented by the record for our determination is whether a factor or commission merchant who converts to his own use the goods consigned to him for sale on commission, or appropriates the proceeds of such goods, becomes thereby such a fiduciary debtor within the meaning of' the thirty-third section of the bankrupt act of 1867, as to prevent his bankruptcy from releasing or discharging the same. In other words, does the debt of a factor or commission merchant fo'r goods sold on commission coma within that class of debts created while “acting in a fiduciary character,” which a discharge in bankruptcy does not release the bankrupt from liability to pay? This is a question by no means free from difficulty under the authorities, which are in much conflict on the point. It involves the construction of the thirtv-third section of the above act of congress, and can be finally settled only by the supreme court of the United States. In the case of Chapman v. Forsyth, 2 Howard U. S., p. 202, 208, the phrase, “while acting in any fiduciary capacity,” as *328 it occurs in tlie act of 1841, was construed by tlie supreme court of tlie United States, and lield not to embrace factors and commission merchants. Judge McLean, who delivered that opinion, did not rest the decision alone upon the phraseology of said act, or upon the fact that the words “while acting in any other fiduciary capacity,” were explained by the preceding enumeration of certain express trustees. The position is distinctly asserted by him that the words “fiduciary capacity” should not be construed so as to include factors. That such a construction would make it difficult to limit the operation of the act, he says: “It would then include all debts arising from agencies, and, indeed, all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would, iu commercial transactions, leave but few debts on which the law could operate.” Our supreme court, in the case of Pankey v. Nolan, 6 Hum., 154, followed this construction, and held that debts created in a “fiduciary capacity” referred to technical or express trusts, and did not include the debt of a factor. This was so decided in Williamson v. Dickens, 5 Iredell L. R., p. 262, and in. Haymon v. Pond, 1 Metc., 328. The act of 1841 thus construed provided that “all persons are excluded from its. benefits who owe debts created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity.” The thirty-third section of the act of 1867 provides that “no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary capacity, shall be discharged under this act.” This latter clause is the precise language which had previously received judicial construction under the act of 1841, and it is fair to assume it was used in view of that previous construction, and was intended to have the same legal import attached to it under the present act,. Courts of high authority have accordingly given to the *329 words, “fiduciary capacity,” in the act of 1867, the same construction which they had received under the act of 1841. See Cronan v. Colting, 104 Mass. R., p. 247. And we are of the opinion that this is the correct construction to be placed upon the same. There are decisions in the United States district and circuit courts holding’ the contrary, and which are followed in the case of Lerucke v. Booth, 47 Missouri R., p. 385. But we think the sounder view is taken in the 104 Mass, case in adhering- to the construction which the words “fiduciary capacity” had already received, when the present act was passed, and that construction harmonizes with the principle of Tennessee cases holding that a factor may rely on the statute of limitations when sued for failing to account or pay over money received by him. [Nicholson v. Lauderdale], 3 Hum., 200; [Armstrong v. Campbell], 3 Yer., 200.
It follows that the judgment below must be reversed, and the demurrer to the plea of bankruptcy be overruled. The case will be remanded to the first circuit court of Shelby county, with leave to plaintiff to reply to said plea.